**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN ROBERT McCLINTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, d/b/a Dennis R. Fuhrman,<br><br>　　　　Respondents. | Case No. CV 16-06686 RGK (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

　　　Petitioner, a state prisoner currently incarcerated at the California Medical Facility in Vacaville, California, filed an action in this Court on September 6, 2016. On the same date, he filed a similar action against the "State of California, d/b/a Geoffrey Rendon" (Case No. CV 16-06676 RGK (AFM)). Petitioner's filings have each been construed as a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254).

　　　The Court's review of petitioner's filing in this case (CV16-06686) reveals the following deficiencies.

　　　First, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties

of the United States. Here, petitioner's allegations are virtually unintelligible. The Court therefore is unable to discern from the face of the Petition what federal constitutional claim or claims petitioner is trying to raise as a challenge to his judgment of conviction.

Second, Local Civil Rule 83-16.1 provides, "A petition for writ of habeas corpus or a motion filed pursuant to 28 U.S.C. § 2255 shall be submitted on the forms approved and supplied by the Court." Petitioner did not use the correct form required in the Central District of California for state prisoners.

Third, petitioner failed to name the proper respondent, which would be his immediate custodian (i.e., the prison warden at the state prison where petitioner is incarcerated). *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717-18 (2004). A habeas petitioner's failure to name the correct respondent destroys personal jurisdiction. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

For the foregoing reasons, the Petition is dismissed with leave to amend. **If petitioner still desires to pursue this action, he is ORDERED to file an amended petition on the standard form within thirty (30) days of the date of this Order.** The clerk is directed to send petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner should specify separately and concisely each federal constitutional claim he is trying to raise and answer all of the questions pertaining to each claim. Petitioner is also advised that he should specify whether he has exhausted his state court remedies for each claim.

**Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed with prejudice for failure to diligently prosecute.**

///

If petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.

DATED: 9/22/2016

*Alex MacK—* (signature)

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: CV-69, CV-09

3